1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  50 California Street, 22nd Floor
   San Francisco, California 94111
3  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700
4  Email:         charlesverhoeven@quinnemanuel.com

5  Robert W. Stone (Bar No. 163513)
   Michael D. Powell (Bar No. 202850)
6  Charles P. Emanuel (Bar No. 256671)
   555 Twin Dolphin Dr., 5th Floor
7  Redwood Shores, CA 94065
   Telephone:     (650) 801-5000
8  Facsimile:     (650) 801-5100
   Email:         robertstone@quinnemanuel.com
9                 mikepowell@quinnemanuel.com
                  chipemanuel@quinnemanuel.com
10

11

12
   Attorneys for Plaintiff
13 International Business Machines Corp.

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16 INTERNATIONAL BUSINESS MACHINES      CV 11   4896
   CORPORATION,                         CASE NO. _____
17
              Plaintiff,                **COMPLAINT FOR DECLARATORY
18                                      JUDGMENT OF PATENT NON-
        vs.                             INFRINGEMENT AND INVALIDITY**
19
   ACQIS LLC,                           **DEMAND FOR JURY TRIAL**
20
              Defendant.
21

22

23

24

25

26

27

28

00889.51517/4372327.1

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

Plaintiff International Business Machines Corporation ("IBM") brings this action against Defendant ACQIS LLC ("ACQIS") and complains as follows:

### THE NATURE OF THE ACTION

1. ACQIS is the named assignee of U.S. Reissued Patent No. RE42814 ("the RE42814 Patent"), issued at 12:01 a.m., Eastern Standard Time, on October 4, 2011, and entitled "Password Protected Modular Computer Method and Device."

2. As a result of ACQIS's communication to IBM of its intention to pursue claims of infringement of the RE42814 Patent against IBM, IBM is under reasonable apprehension of suit by ACQIS. IBM does not infringe and has not infringed the RE42814 Patent, which is invalid. IBM brings this action to obtain declaratory judgments of non-infringement and invalidity of the RE42814 Patent.

### THE PARTIES

3. IBM is a corporation organized under the laws of New York, with its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

4. IBM is informed and believes and on that basis alleges that ACQIS is a limited liability company organized under the laws of Texas, with its principal place of business at 1621 W. El Camino Real, Suite 202, Mountain View, California 94040.

### JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. IBM is informed and believes and on that basis alleges that ACQIS's only current employee is Dr. William Chu ("Dr. Chu"), whose principal place of business is at 1621 W. El Camino Real, Suite 202, Mountain View, California 94040.

8. IBM is informed and believes and on that basis alleges that Dr. Chu resides at 1320 Miraballe Avenue, Los Altos, California 94024.

9.  IBM is informed and believes and on that basis alleges that the sole member of ACQIS is Acqis Technology, Inc., a California corporation which maintains its corporate headquarters at 1621 W. El Camino Real, Suite 202, Mountain View, California 94040.

10. IBM is informed and believes and on that basis alleges that although ACQIS purports to have a business address at 411 Interchange Street, McKinney, Texas 75071, all or a substantial predominance of the business operations of ACQIS are performed by Dr. Chu in California, at either the Acqis Technology, Inc. offices located at 1621 W. El Camino Real, Suite 202, Mountain View, or at Dr. Chu's residence located at 1320 Miraballe Avenue, Los Altos, California 94024.

11. IBM is informed and believes and on that basis alleges that the majority of ACQIS's executive and administrative functions are performed at either the Acqis Technology, Inc. offices located at 1621 W. El Camino Real, Suite 202, Mountain View, or at Dr. Chu's residence located at 1320 Miraballe Avenue, Los Altos, California 94024.

12. On or about July 20, 2011, ACQIS communicated in writing to IBM its intention to pursue claims of infringement against IBM with respect to allowed but unissued claims in then pending U.S. Patent Application No. 12/322,858, which application has now matured into the RE42814 Patent. This written communication was directed to IBM's legal counsel located in San Francisco, California, and in Redwood Shores, California.

13. Based on the foregoing, IBM alleges that this Court has personal jurisdiction over ACQIS.

14. This Court can enter the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because, on or about July 20, 2011 and thereafter, ACQIS put IBM on notice of ACQIS's intention to pursue claims of infringement of the RE42814 Patent against IBM, thereby causing IBM reasonably to apprehend litigation of the RE42814 Patent.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

16. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

17. IBM is informed and believes and on that basis alleges that ACQIS is the assignee of the RE42814 Patent.

18. On or about July 20, 2011, prior to issuance of the RE42814 Patent but following a notice of allowance, ACQIS communicated to IBM its intention to pursue claims of infringement against IBM upon issuance of the RE42814 Patent and requested that IBM be prepared to discuss a license concerning the yet-to-be-issued RE42814 Patent at a previously scheduled mediation (concerning other litigation pending between ACQIS and IBM) between the parties on July 22, 2011 in San Francisco, California.

19. ACQIS's actions have caused IBM reasonably to apprehend litigation of the RE42814 Patent.

20. IBM does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the RE42814 Patent, either literally or under the doctrine of equivalents.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the RE42814 Patent)**

21. IBM realleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth in this paragraph.

22. IBM does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the RE42814 Patent, either literally or under the doctrine of equivalents.

23. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between IBM and ACQIS concerning the non-infringement of the RE42814 Patent.

-3-
COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

00889.51517/4372327.1

24. IBM is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the RE42814 Patent, either literally or under the doctrine of equivalents.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the RE42814 Patent)**

25. IBM realleges and incorporates by reference paragraphs 1 through 24, inclusive, as though fully set forth in this paragraph.

26. The RE42814 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least one or more of 35 U.S.C. §§ 101, 102, 103, 112, 133, 200 *et seq.*, and 301 *et seq.*

27. IBM is entitled to a declaratory judgment that the claims of the RE42814 Patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, IBM prays for judgment against ACQIS as follows:

A. For a declaration that IBM does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the RE42814 Patent, either literally or under the doctrine of equivalents;

B. For a declaration that the RE42814 Patent is invalid;

C. For an order awarding IBM its costs; and

D. For such other relief as this Court deems just and proper.

DATED: September 30, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By_____
Robert W. Stone

*Counsel for Plaintiff International Business Machines Corp.*

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff International Business Machines Corp. demands a trial by jury on all issues triable by jury.

DATED: September 30, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By_____
Robert W. Stone

*Counsel for Plaintiff International Business Machines Corp.*